## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MAHMOUD RASHAD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO:** |
| **v.** | ) | **1:14-CV-04108-AT-ECS** |
| | ) | |
| **FULTON COUNTY, GEORGIA** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS
## MOTION TO DIMISS PLAINTIFF'S COMPLAINT

COMES NOW Defendant, Fulton County, Georgia ("Fulton County" or "Defendant"), by and through its undersigned attorney of record, and files this Brief in Support of Its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and Local Rule 7.1(A)(1).  Defendant respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint and shows the following:

### I.  FACTS AS SET FORTH IN PLAINTIFF'S COMPLAINT

On December 29, 2014, Plaintiff, a Black Muslim, [see Compl. ¶ 4], filed his Complaint, claiming that Fulton County subjected him to: (1) discrimination on the basis of race under Title VII of the Civil Rights Act of 1964 ("Title VII"), see [Compl. ¶¶ 1 and 26]; (2) discrimination based on race under 42 U.S.C. § 1981 ("§

1981"), [see id.]; (3) discrimination on the basis of his religion under Title VII, [see id. ¶¶ 1 and 34]; (4) discrimination on the basis of religion under 42 U.S.C. § 1983 ("§ 1983"), [see id.]; (5) retaliation under Title VII, [see id. ¶¶ 1 and 30]; (6) retaliation under § 1981, [see id.]; and (7) intentional infliction of emotional distress, [see id. ¶ 40].

According to Plaintiff, he was employed by Defendant as a Nutritionist under the supervision of Patricia Cwiklinski, Program Manager. [Compl. ¶ 5]. Plaintiff alleges that he was treated less favorably than White employees. [Id. ¶ 9]. He claims he was assigned to a less than desirable clinic in 2012. [Id. ¶ 10.] He also alleges that at some undisclosed time, he was given more tasks and less support than White employees. [Id. ¶ 11]. Plaintiff further alleges that he was required to submit his academic credentials while White employees were not. [Id. ¶ 12]. He also alleges that his work schedule was altered "in early 2014" which prevented him from attending prayer. [Id. ¶ 13]. Plaintiff claims he filed a charge of discrimination on March 21, 2014 for racial and religious discrimination. [Id. ¶ 15].[1] Later, Plaintiff was told that he was no longer qualified for the position he

---

[1] A true and correct copy of Plaintiff's March 21, 2014 EEOC Charge is attached hereto as Exhibit "A." Plaintiff's EEOC Charge is central to his Title VII claims, as well as his claims that he exhausted his administrative remedies prior to filing suit. Hodge v. Orlando Utilities Comm'n, Civil Action No. 6:09-CV-1059-ORL-19DAB, 2009 WL 5067758, at *4 (M.D. Fla. Dec. 15, 2009) ("The EEOC Charges

held.  [Id. ¶ 16].  Subsequently, Plaintiff filed another charge of discrimination. [See id. ¶¶ 18 and 30].[2]  According to Plaintiff, following the filing of his second charge of discrimination, he was required to reapply for his position but was ultimately denied the position.  [Id. ¶ 19].  Plaintiff, however, contends that he remained a Nutritionist until his termination in October 2014.  [Id. ¶ 7].  Prior to his termination, Plaintiff alleges that he was switched from full to part time employment.  [Id. ¶ 20].

Plaintiff allegedly bases his claims for discrimination on interference with the practice of his religion, not being provided comparable employment opportunities as White employees, not being provided with job support, being required to reapply for his position, being denied his position, having his work schedule reduced to part time, and being terminated.  [Id. ¶¶ 26 and 34].  Plaintiff's claims for retaliation are based on the same grounds.  [Id. ¶ 30].

---

of Discrimination and Notices of Right to Sue are central to the alleged Title VII violation.")  Accordingly, the Court may properly consider Plaintiff's EEOC charges without converting Defendants' Motion into one for summary judgment. See, e.g., Lambert v. Ala. Dept. of Youth Servs., 150 F. App'x 990, 991–92 (11th Cir. 2005) (considering an EEOC charge of discrimination attached to a motion to dismiss in affirming the dismissal of plaintiff's Title VII claims). Furthermore, Plaintiff referenced his Charge of Discrimination in the Complaint.

[2] A true and correct copy of Plaintiff's March 21, 2014 EEOC Charge is attached hereto as Exhibit "B."

Attached to his Complaint, Plaintiff included what he claims are Notices of Right to Sue, dated October 2 and October 14, 2014.  [Id. ¶ 3].

## II. ARGUMENT AND CITATION TO AUTHORITY

In his Complaint, Plaintiff has alleged discriminatory and retaliatory treatment that violated Title VII, § 1981 and § 1983.  Plaintiff also alleges a state law claim for intentional infliction of emotional distress. Defendant is entitled to dismissal of each of Plaintiff's claims.[3]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (alteration in original) (citation omitted) (quoting Twombly, 550 U.S. at 555, 557).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

---

[3] Except, Defendant is not seeking dismissal of Plaintiff's Title VII retaliation claim based on his allegations that he was transferred from full-time to part-time employment.

This brief addresses Plaintiff's Complaint in three steps.  First, Part A shows that Plaintiff's Title VII claims fail for several reasons.  Specifically, Plaintiff has failed to plead facts to show that he exhausted his administrative remedies with respect to his alleged discriminatory termination from Fulton County.  Plaintiff has also failed to plead a prima facie case for religious and race discrimination.  Further, Plaintiff's retaliation claim, with respect to his alleged retaliatory termination, is barred as a matter of law, because Plaintiff cannot show a causal connection between his termination and his protected activity.

The second section, Part B, shows that Plaintiff has failed to present an actionable § 1981 claim.  Specifically, Plaintiff failed to assert a § 1983 claim for violation of § 1981 on the basis of Plaintiff's race.  Additionally, Plaintiff's § 1981 discrimination claims, even if properly before this Court, fail for the same reasons his Title VII claims fail.  To the extent Plaintiff has any § 1983 claim, he has also failed to plead facts to support liability against Fulton County, a municipality.

Finally, Part C shows that Plaintiff's state law claim for intentional infliction of emotional distress is barred by sovereign immunity.

A.   **Plaintiff's Title VII Claims Cannot Survive a Motion to Dismiss**

1.   **Plaintiff's Title VII discrimination claims regarding his termination must be dismissed because he failed to exhaust his administrative remedies.**

In order to pursue a claim of discrimination under Title VII, a plaintiff must first follow the procedural requirements of 42 U.S.C. § 2000e-5, including filing a timely charge of discrimination with the EEOC.  "The requirement that an employee file a charge with the EEOC serves an important purpose.  It triggers the investigatory and conciliatory procedures of the EEOC."  Houston v. Army Fleet Services, L.L.C., 509 F.Supp.2d 1033, 1040 (M.D. Ala. 2007) (citing Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460 (11th Cir. 1970)).  A claim of discrimination must, therefore, be raised first with the EEOC.  Butler v. Matsushita Communication Industrial Corp. of U.S., 203 F.R.D. 575, 580 (N.D. Ga. 2001).

The process intended by Congress was to allow the EEOC to first obtain compliance with Title VII and, only if those efforts fail, to allow a party to seek judicial remedies for the claims raised in the EEOC charge and claims which are "reasonably related" thereto.  See Butler v. Matsushita Communication Industrial Corp. of U.S., 203 F.R.D. at 580.  "[N]ew acts of discrimination, offered as the essential bases for the requested relief are, [however,] not appropriate[]" for the court to consider.  Id. at 581. (quoting Wu. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989)).

In Stuart v. Jefferson Cnty. Dep't of Human Res., 152 F. App'x 798, 801 (11th Cir. 2005), the plaintiff submitted an EEOC charge discussing two alleged

instances of failure to promote, but his complaint added a third instance that occurred after the filing of the charge. The court determined that Title VII's exhaustion requirement is intended to give the EEOC the first opportunity to investigate alleged discriminatory practices and to promote voluntary conciliation efforts. Id. Because the Plaintiff never updated or amended his charge, the court determined that it could not consider the claim. Id.

In the instant case, Plaintiff's claims of discrimination include his termination from employment, which he alleges occurred between October 20 and October 28, 2014. [Compl. ¶¶ 7, 21].[4]  "Discrete acts of discrimination, such as termination or failure to promote, that occur after the filing of an EEOC complaint must first be administratively reviewed before they may serve as a basis for judicial finding of discriminatory conduct." Kelly v. Dun & Bradstreet, Inc., 557 Fed. App'x. 896, 899 (11th Cir. 2014). Plaintiff's last EEOC charge was filed on August 1, 2014. [Compl. ¶ 18; Ex. B]. In his August 1, 2014 EEOC charge, Plaintiff did not indicate that he was terminated as a basis for his claim of discrimination. [See Ex. B]. He has offered no facts that give this Court a basis to conclude that he filed a charge of discrimination for his termination in October 2014. Nor is there any evidence that the EEOC had an opportunity to investigate

---

[4] Both dates are after Plaintiff's last EEOC charge filed in either July or August 2014. [See Compl. ¶¶ 30 and 18].

the alleged discriminatory termination.  Indeed, right-to-sue letters were issued to Plaintiff on October 2, 2014 and on October 14, 2014, before Plaintiff was terminated.  [Compl. ¶ 3 and Right-To-Sue Notices attached thereto].  Plaintiff's alleged termination on October 20, 2014, is considered a "discrete act" that is unrelated to and that did not grow out of the other acts forming the basis of his discrimination claim that preceded his second EEOC charge.  Consequently, Plaintiff was required to file a charge of discrimination regarding his termination, so as to put Fulton County on notice of his claim and to allow the EEOC to pursue administrative enforcement.  Because he did not, his claims under Title VII, based on an alleged discriminatory termination, on the account of race and religion, should be dismissed for failure to exhaust administrative remedies.

> **2.    Plaintiff has failed to plead sufficient facts to infer a claim of religious discrimination under Title VII.**

In Count Three of his Complaint, Plaintiff purports to assert a claim for discrimination based on religion pursuant to Title VII.  [See Compl. ¶ 34]. Plaintiff does not specifically state whether the claim is for disparate treatment or failure to accommodate his religious beliefs.  Regardless, Plaintiff has failed to plead a prima facie case under either theory.

The prima facie case for religious discrimination, under the theory of disparate treatment, requires factual allegations to support the following elements:

8

"(1) [that plaintiff] is a member of or practices a particular religion; (2) [that] he is qualified to perform the job at issue; (3) [that] he has suffered some adverse employment action; and (4) [that] someone outside the protected class of which he is a member was treated differently." Wilshin v. Allstate Ins. Co., 212 F. Supp.2d 1360, 1371 (M.D. Ga. 2002).

Here, Plaintiff contends he is Muslim, [see Compl. ¶ 4], and because of his religion he was subjected to the following actions by Defendant:

> [C]ontravening and violating his previously granted religious accommodation, subjecting Plaintiff to different terms and conditions of employment, not providing Plaintiff with the job support that was provided other employees, forcing Plaintiff to reapply for the position he had held for almost twenty years and denying him that position, reducing his schedule to working only twenty-nine hours per week, and later terminating his employment, among other acts of discrimination on the basis of his religion[.]

[Compl. ¶ 34].  Notably missing from Plaintiff Complaint is any allegation that he was treated differently than non-Muslims.  Plaintiff's Complaint only alleges that White employees were treated differently.  [See, e.g., Compl. ¶¶ 9-12, 14, 16-17, 19, 20, and 23].  There are no facts in the Complaint that suggest different treatment based on religion except Plaintiff's conclusory allegations.  [See Compl. ¶¶ 8 and 34].  Consequently, Plaintiff's Title VII disparate treatment claim, based on religious discrimination, should be dismissed.

The prima facie case for religious discrimination under the theory of failure to accommodate religious beliefs requires factual allegations to support the following elements:   "(1) that plaintiff had a bona fide religious belief that conflicted with an employment requirement; (2) that he informed his employer of his belief; and (3) that he was discharged for failing to comply with the conflicting employment requirement."   Jordan v. Conway, 441 Fed. App'x. 761, 763 (11th Cir. 2011).

Plaintiff has not pled any facts inferring that his religious beliefs conflicted with any requirement of his employment or that he was terminated for failing to comply with any such conflicting employment requirement.  As a result, any claim for failure to accommodate his religious beliefs under Title VII should be dismissed.

### 3.     Plaintiff failed to allege facts showing that he was qualified for the position he held.

Plaintiff has failed to allege that he was qualified for the Nutritionist position, which is a requirement for race and religious based disparate treatment claims under Title VII.  See Hollifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) (race discrimination) and Wilshin, 212 F. Supp.2d at 1371 (religious discrimination). Indeed, Plaintiff states that Fulton County informed him that he was no longer qualified for the position.  [Compl. ¶ 16].  Plaintiff's qualifications

are not mentioned again in his Complaint.  Plaintiff has made no assertion that he was qualified for the position that he held with Fulton County, and he has provided no set of facts detailing his qualifications for the position.  Because he cannot adduce facts showing that he was qualified for the position he held, Plaintiff has not established a prima facie case of discriminatory treatment under Title VII, and this Court should dismiss his claim.

> **4.    In this particular case, being forced to reapply for his position, being denied the position for which he applied and lack of job support are not adverse employment actions.**

An adverse employment action for a discrimination claim must include "a serious and material change in the terms, conditions, or privileges of employment." Davis. Town Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001).  On the other hand, an adverse action for a retaliation claim "must be such that 'a reasonable employee would have found the challenged action materially adverse.'" Polite v. Dougherty Cnty. Sch. Sys., 314 F. App'x 180, 183–84 (11th Cir. 2008) (quoting Burlington N. & Santa Fe. Ry. Co. v. White, 548 U.S. 53, 68 (2006)).

"The standard for an adverse employment action in a Title VII retaliation prima facie case is slightly less rigorous than the traditional adverse employment action analysis for Title VII discrimination claims."  Rogers v. Georgia Dept. of Corrections, No. 5:10-cv-499(MTT), 2012 WL 5398804, at *10 (M.D. Ga. Nov.

11

12, 2012).  Specifically, "actionable retaliatory conduct include not only that which affects terms and conditions of employment, but also any conduct which has a materially adverse effect on a plaintiff, irrespective of whether it is employment or workplace related."  Edwards v. Gwinnett County Sch. Dist., 977 F.Supp.2d 1322, 1332-33 (N.D. Ga. 2013)(internal quotation marks omitted).  Because Defendant contends that neither: (1) being forced to reapply for his position; (2) being denied the position for which he applied; nor (3) lack of job support are adverse employment actions under the more lax retaliation standard, they are similarly not adverse employment actions under the higher discrimination standard.  Thus, this discussion will focus on the retaliation standard.

"Trivial harms" and "petty slights" are, as a matter of law, not adverse employment actions for the purposes of retaliation claims under Title VII. Entrekin v. City of Panama City, Florida, 376 Fed. App'x. 987, 995 (2010). Instead, retaliatory acts "are those that might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  Byrne v. Alabama Alcoholic Beverage Control Bd., 635 F. Supp.2d 1281, 1297 (M.D. Ala. 2009) (quoting Burlington N. & Santa Fe. Ry. Co. v. White ,548 U.S. 53, 64, 126 S. Ct. 2405 (2006)).  For example, "snubbing" by a manager is not sufficiently adverse. Id.

Lack of job support, which Plaintiff listed as one retaliatory act, is not materially adverse enough to be deemed an adverse employment action.  Plaintiff has not identified any connection between the lack of support and any future economic harm.  At most, not being provided support was a mere annoyance, not actionable under Title VII.  See Ezekiel v. Tift County Sch. Dist., No. 7:08-cv-127 (HL), 2010 WL 3456135, at *10-*11 (M.D. Ga. Aug. 27, 2010).

Additionally, Plaintiff claimed that he had to reapply to be a Nutritionist in mid-August 2014 and that he subsequently was denied the position.  [Compl. ¶ 19].  However, according to Plaintiff, he "was employed in that position until October 20, 2014[.]"  [Compl. ¶ 7].  Thus, Plaintiff suffered no harm from reapplying to his position and keeping his position until October 2014.   Consequently, his reapplication is not an adverse employment action.  Additionally, his claim that he was denied the position for which he applied is not an adverse employment action, because, as he stated in Paragraph 7 of his Complaint, he remained in his same position of Nutritionist following the reapplication.   See Smith v. Holder, No. 5:13-cv-245-RS-GRJ, 2014 WL 3867615, at *4 (N.D. Fla. Aug. 6, 2014).

**5.    There is no causal connection between Plaintiff's termination and his alleged protected activity to support a retaliation claim.**

"[I]n the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the

13

complaint of retaliation fails as a matter of law." Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007).  Plaintiff has met his burden of pleading causation only if he has offered facts showing a "very close" proximity between the protected activity and the adverse employment action.  Id. (quoting Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001)).

In Williams v. Waste Mgmt., Inc., 411 F. App'x 226, 227 (11th Cir. 2011), an employee claimed that he had been retaliated against in violation of Title VII and § 1981.  The court began by noting that the same substantive analysis applies to each claim.  Id. at 229 n.3.  Looking to the "causal link" prong, the court commented that "[c]ausation may be inferred by close temporal proximity between the protected activity and the adverse employment action." Id. at 229.  If temporal proximity alone is relied upon to show causation, a substantial delay between the protected expression and adverse action causes a retaliation claim to fail as a matter of law.  Id.  The plaintiff had filed a complaint in January 2006 and claimed that in retaliation his employer failed to promote him in March 2006.  Id.  The court determined that a two-month gap in time was not "very close" and, accordingly, that the plaintiff had failed to establish a prima facie case. Id. at 230.

Here, Plaintiff alleges to have filed a charge of discrimination, on the basis of religion and race, on March 21, 2014.  [Compl. ¶ 15].  Plaintiff also alleged that

14

he filed a second charge of race discrimination in either July 2014, [Compl. ¶ 30; Ex. A], or August 1, 2014, [Compl. ¶ 18; Ex. B].  In his Complaint, Plaintiff does not allege any other facts to support the conclusion that he participated in any other protected activity.  Consequently, the only the protected activities this Court can plausibly identify from the Complaint are these two charges of discrimination filed by Plaintiff.  Dixon v. Rave Motion Picture, Inc., No. 2:05CV326-SRW(WO), 2006 WL 4483152, at *12-14 (S.D. Ala. Oct. 24, 2006) (refusing to find protected activity when a plaintiff did "not provide specific facts about what, exactly, plaintiff did or said" that would allow the court to determine whether protected activity occurred).

According to Plaintiff, following his charges of discrimination, he was terminated on either October 20, 2014, [see Compl. ¶ 7], or on October 28, 2014, [see id. ¶ 21].  Regardless of which date this Court uses as Plaintiff's termination from Fulton County, both are well beyond the two-month time gap that was deemed insufficient in Williams.  Indeed, just using the August 1, 2014 alleged charge of race discrimination as the date of Plaintiff's last protected activity, both termination dates are closer to the three-month time gap that has also been deemed insufficient for purposes of alleging temporal proximity.  See, e.g., Higdon v. Jackson, 393 F.3d 1211, 1220-21 (11th Cir. 2004).  As a result, Plaintiff's

retaliation claim, which alleges that his termination was a result of his charge of race discrimination on or before August 1, 2014, is due to be dismissed.

Furthermore, Plaintiff's only charge of discrimination based on religion was filed March 21, 2014, some seven months before his termination.  [Compl. ¶ 15]. Thus, as a matter of law, his termination was not causally connected to his March 21, 2014 charge of discrimination based on religion and should also be dismissed.

**B.  Plaintiff's Claims Under §§ 1981 And 1983 Should Be Dismissed.**

>   **1.     Plaintiff's § 1981 claims against Defendant must fail, because § 1981 provides no cause of action against state actors.**

Plaintiff has asserted claims of discriminatory treatment and retaliation under § 1981.  Specifically, in Count One of his Complaint, Plaintiff alleges "Tangible Employment Action Race Discrimination In Violation of…Section 1981" and in Count Two of his Complaint, Plaintiff alleges "Retaliation In Violation of…Section 1981."

First, a claim may not be brought under the provisions of § 1981 against Fulton County, as § 1981 does not provide a cause of action against the state. Second, because the elements of a retaliation claim and a race discrimination claim under Title VII and § 1981 are identical, Plaintiff's § 1981 retaliation and race discrimination claims also suffer from the same failure to allege a prima facie

case.[5]  These arguments will be addressed first, followed by a discussion of § 1983 liability, assuming, *arguendo*, that Plaintiff's claims in Counts One and Two are proper § 1983 claims.

Plaintiff failed to bring a claim under § 1983 for retaliation or race discrimination.  [See Compl. Count One and Count Two].  Absent a § 1983 claim, his § 1981 claims against Defendant should be dismissed as § 1981 provides no cause of action against state actors.[6]  See Edwards v. Fulton County, No. 1:07-cv-3052-JOF, 2009 WL 996364, at *3 (N.D. Ga. Apr. 14, 2009); Denney v. City of Albany, 68 F. Supp. 2d 1369, 1379 (M.D. Ga. 1999), aff'd, 247 F.3d 1172 (11th Cir. 2001); Reynolds v. Glynn Cnty. Bd. of Educ., 968 F. Supp. 696, 706–07 (S.D. Ga. 1996), aff'd mem., 119 F.3d 11 (11th Cir. 1997).  Without a § 1983 claim, Plaintiff has no right to remedies for alleged violations of § 1981.  Potter v. City of Albany, 68 F. Supp.2d 1360, 1368 (M.D. Ga. 1999).  Declining to recognize an implied cause of action under § 1981 against state actors, the Supreme Court has stated, "[T]he express cause of action for damages created by § 1983 constitutes

---

[5] See, supra, Secs. II.A.2 through 5.

[6] Plaintiff, who is represented by counsel, states that "Defendant has violated Title VII, 42 U.S.C. § 2000e *et seq*. and Section 1981.    These acts of illegal discrimination entitle Plaintiff to all appropriate relief provided under **those** statutes." [See  Compl. ¶ 26 (emphasis added)].  Plaintiff's Complaint further states that "Defendant's retaliatory conduct is in violation of Title VII, 42 U.S.C. § 2000e *et seq*. and Section 1981 thus entitling Plaintiff to all appropriate relief provided under **those** statutes." [See id. ¶ 30 (emphasis added)].

the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." <u>Jett v. Dall. Indep. Sch. Dist.</u>, 491 U.S. 701, (1989), <u>superseded in part by statute</u>, Civil Rights Act of 1991, Pub. L. No. 102-66, 105 Stat. 1074. Citing <u>Jett</u>, courts in the Eleventh Circuit have determined that a violation of rights protected under § 1981 must be asserted as a cause of action under § 1983. <u>Denney</u>, 68 F. Supp. 2d at 1380; <u>Reynolds</u>, 968 F. Supp. at 707; <u>Collier v. Clayton County Comm'n Serv. Bd.</u>, 236 F.Supp.2d 1345, 1360 n. 14 (N.D. Ga. 2002) ("A plaintiff can make **no** Section 1981 claim against a state actor, but can only proceed on claims otherwise cognizable under Section 1981 through a Section 1983 claim. That is, Section 1983 constitutes the exclusive remedy for violations of the rights contained in Section 1981.") (emphasis in original).  The failure to assert a § 1983 claim necessitates that a § 1981 claim against a state actor be dismissed.  <u>Denney</u>, 68 F. Supp. 2d at 1380; <u>Reynolds</u>, 968 F. Supp. at 707.

Because Plaintiff has failed to bring a cause of action against Defendant, a state governmental unit, under § 1983 for retaliation or race discrimination and, since there is no implied cause of action against state actors under § 1981, Plaintiff has not brought a claim against Defendant upon which this Court may grant relief. <u>See</u> <u>Mack v. Wilcox County Com'n</u>, No. 09-00101-KD-B, 2009 WL 4884310, at

\*5 (S.D. Ala. Dec. 9, 2009) (dismissing a pro se plaintiff's action under § 1981 against a state actor, because he failed to raise a claim under § 1983). Accordingly, this Court should dismiss Counts One and Two of Plaintiff's Complaint based on § 1981.

### 2. Even if Plaintiff brought a § 1983 claim for retaliation or race discrimination, Plaintiff has failed to allege facts sufficient to establish a prima facie case.

The same prima facie showing that is required for a Title VII claim of retaliation applies to a § 1983 claim to enforce the rights under § 1981. See Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1277 (11th Cir. 2008). To the extent that Plaintiff has alleged retaliation under §1983, Plaintiff has failed to allege facts sufficient for this Court to grant relief as it relates to Plaintiff's alleged retaliatory termination. As noted above, Plaintiff has failed to allege any facts indicating that there was a causal connection between his termination and his protected activity or that he suffered an adverse employment action when (1) he was not provided job support; (2) he was made to reapply for his position; and (3) he was allegedly denied the position for which he reapplied. Because of these deficiencies, this Court should dismiss Plaintiff's claim of retaliation in violation of § 1981 as it relates to his termination, lack of job support, reapplying for his position, and being denied the job for which he reapplied.

Turning to his race discrimination claim, a § 1983 race discrimination claim requires the same essential elements as a claim under Title VII.  See Keaton v. Cobb County, 545 F. Supp.2d 1275, 1289 (N.D. Ga. 2008).  As discussed above, Plaintiff failed to plead facts sufficient to infer a prima face case of race discrimination claim under Title VII, because he has not indicated that he was qualified for the position.  Also, Plaintiff's contentions that (1) he was not provided job support; (2) he was made to reapply for his position; and (3) he was allegedly denied the position for which he reapplied cannot support a claim for discrimination.  Because of these deficiencies, this Court should dismiss Plaintiff's claim of discrimination in violation of § 1981 as it relates to his termination, lack of job support, reapplying for his position, and being denied the job for which he reapplied.

### 3.    Plaintiff has failed show a basis for liability against Defendant.

Finally, because § 1983 action cannot rest upon the theory of respondeat superior and Plaintiff has not pled any facts to support the conclusion that Fulton County can be liable for the actions of its employees, Plaintiff's claims[7] brought under § 1983 should be dismissed.  "There is no respondeat superior liability under

---

[7] This includes Plaintiff's actual § 1983 claim, which is set forth in Count Three of his Complaint, [see Comp. ¶ 34], as well as any assumed § 1983 claims derived from Counts One or Two of Plaintiff's Complaint.

§ 1983." Rodriguez v. City of Clermont, 681 F. Supp.2d 1313, 1329 (M.D. Fla. 2009) (citing Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001)). Thus, to hold Fulton County liable under § 1983, Plaintiff must "identify a municipal policy or custom that caused the plaintiff's injury." Denson v. City of College Park, No. 1:07-cv-1624-TWT, 2009 WL 302192, at *9 (N.D. Ga. Feb. 5, 2009) (quoting Board of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388 (1997)). Indeed, Plaintiff must allege not only a Fulton County policy or custom, but that Fulton County "was the moving force behind the injury alleged." Id. See also Buford v. City of Atlanta, No. 1:06-cv-3089-TWT, 2007 WL 2345262, at *2 (N.D. Ga. Aug. 13, 2007).

Plaintiff had to plead sufficient facts for this court to conclude: (1) Fulton County officially sanctioned or ordered the acts of Ms. Cwiklinski; (2) Ms. Cwiklinski was an officer with final policy-making authority as defined by state law; or (3) that Ms. Cwiklinski acted pursuant to a policy adopted by Fulton County officials responsible under state law for making policy in that area. See Manor Healthcare Crop. V. Lomelo, 929 F.2d 633, 637, (11th Cir. 1991).

In the instant case, Plaintiff has not alleged that Fulton County officially sanctioned or ordered the acts of Ms. Cwiklinski. Plaintiff has also not alleged that any county policy or custom was the "moving force" behind any of the

21

discriminatory acts alleged in his Complaint.  Instead, he alleged that his manager, Ms. Cwiklinski, violated his rights in various ways.  (See Compl., generally). Plaintiff has not alleged any fact pertaining to any official county sanction, policy or custom causing an injury.  Thus, Plaintiff could only seek relief against Fulton County if his complaint states facts sufficient to infer that Ms. Cwkiklinski was a policy maker.   Plaintiff, however, has not alleged that Ms. Cwiklinski, a Program Manager, was a policy maker.  See Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1480 (11th Cir. 1991).  Only if Ms. Cwiklinski "possesse[d] final authority to establish municipal policy with respect to the action ordered," could Fulton County be liable for her alleged actions.   Id. (internal quotations omitted). "Whether a particular official has final policymaking authority is a question of state law."  Id.  (internal citations omitted).

In this case, Plaintiff has failed to plead any facts to support an inference that Ms. Cwiklinski had final policy-making authority with respect to terminating employees such as Plaintiff.  Indeed, it is the County Manager or his designee who is vested with the final policy-making authority in that area.  See Fulton County Code of Ordinances Part 1, Ch. 2, Art. 2, Div. 4, Sec. 2-148, a true and correct

22

copy of which is attached hereto as Exhibit "C."[8]   There are no facts alleged regarding a widespread custom, an official policy or sanction or that Ms. Cwiklinski had final policy-making authority with respect to Plaintiff's termination.  Consequently, any § 1983 claim, including Count Three of Plaintiff's Complaint, should be dismissed.

### 4.   Plaintiff's § 1983 religious claim also fails, because he has not identified any federal right that was violated.

There are no substantive rights created by § 1983.  Albright v. Oliver, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n.3, 99 S. Ct. 1865, 1870 (1989).  "To prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law."  Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998), as amended (May 28, 1998).  Thus, a plaintiff must first identify some specific federally protected right that he contends was violated and, only then, he may use § 1983 as a vehicle to obtain judicial remedies.  See Ross v. City of Perry, Ga., No.  5:07-cv-433 (CAR), 2009 WL 3190450, at *8 (M.D. Ga. Sep. 30, 2009).  A plaintiff, however, may not use § 1983 to circumvent Title VII and

---

[8] Also available via http://www.fultoncountyga.gov/current-a-post-agenda at "Code of Laws" and
https://www.municode.com/library/ga/fulton_county/codes/code_of_ordinances.

Title VII cannot be the sole basis for a § 1983 claim.  See Charles v. Scarberry, 340 Fed. App'x. 597, 600 (11th Cir. 2009) (citing Arrington, 139 F.3d at 872); Tomkins v. Barker, No. 2:10cv1015-MEF, 2011 WL 3583413, at *7  (M.D. Ala. July 26, 2011)).

Here, Plaintiff has failed to identify the basis for his § 1983 claim.  He has not alleged deprivation of any constitutional right and, instead, relies solely on an alleged violation of Title VII to assert a parallel claim under § 1983.  Accordingly, his § 1983 claim is due to be dismissed.

Even if Plaintiff identified the deprivation of a constitutional right, his § 1983 would still be subject to dismissal.  When a § 1983 claim is brought along with a Title VII claim, both claims will share the same elements.  Id.  As discussed above, Plaintiff's claims under Title VII suffer from several fatal flaws.  Similarly, Plaintiff's § 1983 claim, even if he sufficiently identified a source for it, would suffer the same.  Thus, dismissal of his § 1983 claim is merited.

## C.   Sovereign Immunity Applies To Plaintiff's Claim Of Intentional Infliction Of Emotional Distress

Plaintiff's tort claim for intentional infliction of emotional distress is barred by sovereign immunity.  See Ga. Const. Art. I, § II ¶ IX.  In Georgia, a county government enjoys sovereign immunity from tort liability unless the immunity is waived by the legislature.  Walker v. Putnam County, Ga., No. 5:08-cv-00452

(CAR), 2010 WL 3732111, at *14 (M.D. Ga. Sept. 14, 2010).[9]  Plaintiff does not allege that Defendant's immunity has been waived.[10]  Having failed to allege any basis on which the Court could find waiver, Defendant is entitled to sovereign immunity from Plaintiff's state law claim.

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court grant its Motion to Dismiss.

---

[9] "Sovereign immunity is not an affirmative defense ... that must be established by the party seeking its protection.  Instead, immunity from suit is a privilege that is subject to waiver by the State, and the waiver must be established by the party seeking to benefit from the waiver."  Forsyth Cnty. v. Greer, et al., 211 Ga. App. 444, 439 S.E.2d 679, 681 (Ga. Ct. App. 1993).

[10] As this Court recently held in Thrasher v. Hall Cnty., No. 2:14-CV-00148-RWS, 2015 WL 751715, at *5 (N.D. Ga. Feb. 23, 2015):

> [T]he immunity determination is proper at the motion to dismiss stage.  First, '[u]nder Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and, therefore, whether a governmental defendant has waived its sovereign immunity is a threshold issue.'  McCobb v. Clayton Cnty., 309 Ga. App. 217, 710 S.E.2d 207, 209 (Ga. Ct. App. 2011).  Second, Plaintiff's pleadings fail to allege the existence of liability insurance.  Finally, even if liability insurance were present in this case, the Georgia constitution was amended in 1991 to delete its "insurance waiver" clause, McElmurray et al. v. Augusta–Richmond Cnty., 274 Ga. App. 605, 618 S.E.2d 59, 64 (Ga.Ct.App.2005), and the only other provision concerning waiver of sovereign immunity and liability insurance of which the Court is aware is O.C.G.A. § 33–24–51, which has no relevance in this case.  See O.C.G.A. § 33–24–51 (waiving sovereign immunity of a county from claims arising out of the negligent use of a motor vehicle).

Respectfully submitted, this 10th day of March, 2015.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

R. David Ware
Georgia Bar No. 737756
David.Ware@fultoncountyga.gov

Kaye Woodard Burwell
Georgia Bar No. 775060
Kaye.Burwell@fultoncountyga.gov

Lanna R. Hill
Georgia Bar No. 354357
Lanna.Hill@fultoncountyga.gov

*/s/ Dominique A. Martinez*
Dominique A. Martinez
Georgia Bar No.430323
Dominique.Martinez@fultoncountyga.gov

Attorneys for Defendant

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, SW, Suite 4038
Atlanta, Georgia 30303
Telephone:   404-612-0241
Facsimile:   404-730-6324

## <u>CERTIFICATE OF COMPLIANCE WITH LR 5.1</u>

I hereby certify that this **DEFENDANT'S BRIEF IN SUPPORT OF ITS**

**MOTION TO DISMISS** has been prepared in doubles-spaced, 14-point Times

New Roman font with 1.5" and 1" margins approved by LR 5.1

<u>*/s/ Dominique A. Martinez*</u>
Dominique A. Martinez, Esq.
Georgia Bar No. 430323
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MAHMOUD RASHAD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO:** |
| **v.** | ) | **1:14-CV-04108-AT-ECS** |
| | ) | |
| **FULTON COUNTY, GEORGIA** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **DEFENDANT'S  BRIEF IN SUPPORT OF ITS MOTION TO DISMIS**S has been filed electronically with the Clerk of Court using the CM/ECF system, this 10th day of March 2015 which will automatically send notification of the filing to the below named attorneys of record:

Regina S. Modlen, Esquire
Alec MacInnes, Esquire
Molden & Holley, LLC
Peachtree Center-Harris Tower
233 Peachtree Street, Suite 1245
Atlanta, GA 30303

*/s/ Dominique A. Martinez*
Dominique A. Martinez, Esq.
Georgia Bar No. 430323
Attorney for Defendant

28

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, SW, Suite 4038
Atlanta, Georgia 30303
Telephone:   404-612-0241
Facsimile:   404-730-6324