Case 1:14-cv-04108-AT   Document 49   Filed 08/22/16   Page 1 of 9

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 22 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

PG 1 Of 9

In The United States District Court

For The Northern District Of Georgia

Atlanta Division

Mahmoud Rashad,

   Plaintiff,

V.

Fulton County, Georgia

   Defendant.

Civil Action File NO.

1:14-CV-4108-AT-CMS

Jury Trial Demanded

## Amended Complaint

Comes Now Mahmoud Rashad ("Rashad" or Plaintiff), Amends Original Complaint (removing Retaliation) filed by Attorney Regina Molden on December 29, 2014. This is the Plaintiff's 2nd Effort (filed Motion to Amend Original to Remove Retaliation on August 12, 2016) to have the Judge Remove Retaliation from Original Complaint. Plaintiff has Not Received A Right to Sue Letter for Retaliation from the EEOC and the EEOC has not yet Completed its investigation for Retaliation. This 2nd effort to remove Retaliation from Original Complaint is per Judge Catherine Salinas letter received on August 20, 2016.

Plaintiff files this Complaint against Fulton County, Georgia ("Defendant") showing the Court as follows:

### Jurisdiction and Venue

**1.**

This is action for (1) discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e et seq. ("Title VII"); (2) discrimination based on Religion in violation of Title VII; (3) discrimination based on race in violation of 42 U.S.C. 1981 ("Section 1981"); and religious discrimination in violation of 42 U.S.C 1983 ("Section 1983"). This Court has original jurisdiction pursuant to 28 U.S.C 1331. Plaintiff also invokes the Court's pendent jurisdiction to hear his related claims brought under the laws of the State of Georgia.

**2.**

Venue in this district and division is proper under 28 U.S.C. 1391, as Defendant is located in the Northern District of Georgia, Atlanta Division, and the unlawful discriminatory conduct complained of herein occurred in this district and division.

3.

All conditions precedent to jurisdiction under Title VII her occurred or been complied with; specifically, Defendant meets the statutory definition of an "employer," and Plaintiff timely filed two Charges of Discrimination ("Charges") with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race and religion. Plaintiff received Notice of Right to Sue ("Notice") for each of his Charges October 2 and October 14, 2014. A true and correct copy of the Notices are attached hereto as Exhibit A (filed with Original Complaint). Plaintiff has brought suit within 90 days of receipt of each of his Notices of Right to Sue.

## Parties

4.

Plaintiff is an African-American male, who is Muslim, and is a citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is a political subdivision of the State of Georgia and is subject to the jurisdiction of this Court. Defendant may be served with process by delivering a copy of the Summons and Complaint to, John Eaves, Chairman of the Fulton County Board of Commissioners, at his business address which is Fulton County Government Building, 141 Pryor Street, 10th Floor, Atlanta, GA 30303.

## Factual Allegations

6.

As part of the administration of Fulton County, Defendant provides a number of services for Fulton County residents, including nutritional services, which comprise, among other things, nutritional education, counseling, and treatment.

Plaintiff was hired by Defendant as a Nutritionist on September 20, 1995.

7.

Approximately two years ago, in mid or late 2012, Patricia Cwiklinski, a White female, was made the Program Manager of Defendant's Women's, Infants and Children Division ("WIC") and thereby became Plaintiff's supervisor. Since that time, Plaintiff has been discriminated against by Defendant and Cwiklinski on the basis of his race and religion, and has been subjected to a hostile work environment.

8.

Among other things, Plaintiff was treated less favorably than White members of Defendant's staff, forced to work in less favorable conditions, and given less support.

9.

In or around December 2012, Cwiklinski asked the WIC employees which clinic locations would be convenient for them to work, as they would be placed at the desired location subject to the requests of others. Each of the twelve White Nutritionists was placed at the location they requested. Of the four Black Nutritionists employed by Defendant, three including Plaintiff, were not placed at the locations they requested.

10.

Additionally, the Black Nutritionists, including Plaintiff, were required to complete more tasks than the White Nutritionists and were not provided with support or assistance when their job duties became extremely burdensome due to situational factors with the needs of the public and Defendant's clients. In contrast, when White employees experienced increased difficulty in completing their job duties, Defendant would immediately provide them with additional support. On one occasion, Defendant and Cwiklinski gave some of the White Nutritionists a paid day off for all their "hard work." This paid day off was not granted to the Black Nutritionists

11.

In 2013 Plaintiff and the other Black Nutritionists employed by WIC were told they needed to submit their college transcripts to Defendant. No White Nutritionists were asked to submit transcripts. On information and belief, the transcripts were requested for the purpose of manufacturing reasons to disqualify the Black Nutritionists for their positions.

12.

Since 2011, Plaintiff had been given a religious accommodation to allow him to attend prayer on Fridays. However, in early 2014, Plaintiff's work schedule was altered in violation of his approved religious accommodation, thus precluding him from attending Friday prayers.

13.

On March 10, 2014, Plaintiff, as well as other WIC employees, was informed by Defendant that he would be transferred to work at a different clinic. In response, Plaintiff as well as some of his White co-workers, requested that he be allowed to continue work at his current location. While Plaintiff's request was denied, the requests of his White coworkers were granted and they were permitted to continue working at their current locations.

14.

On March 21, 2014, Plaintiff filed a Charge of Discrimination with the EEOC alleging racial and religious discrimination.

15.

Shortly thereafter, a Black WIC Nutritionist was demoted from her position as a Public Health Nutritionist after over 20 years of being a Public Health Nutritionist for WIC. No valid reason had been given for doing so.

16.

In or around June or July 2014, Defendant hired a gave a fellow White Nutritionist health insurance. Plaintiff was not given health insurance, even though Plaintiff worked over 30 HRS per week and was entitled to health insurance as mandated by ObamaCare.

17.

Plaintiff filed another Charge of Discrimination with the EEOC on August 1, 2014 again alleging discrimination on the basis of race.

18.

Repeatedly throughout his employment with Defendant, Plaintiff complained that he was being harassed and bullied by fellow employee Michelle Broussard. Broussard directs her bullying towards Black employees because she knows that Defendant will not take action to protect Black Nutritionists. Despite Plaintiff's repeated complaints about harassment and

bullying by Broussard, Defendant utterly failed to take any action to protect him and other Black Nutritionists.

19.

Other Black employees of Defendant have filed Charges of Discrimination with the EEOC based on Defendant's conduct.

Claims for Relief

Count One

Tangible Employment Action RaceDiscrimination in Violation of Title VII and Section 1981

20.

Plaintiff re-alleges the preceding paragraphs as if set fully herein.

21.

In failing to provide Plaintiff with comparable employment opportunities as his White colleagues among other acts of discrimination, Defendant has violated Title VII,   42 U.S.C. 2000e et seq. and Section 1981. These acts of illegal discrimination entitle Plaintiff to all appropriate relief under those statutes

22.

As a direct and proximate result of Defendant's unlawful discriminatory conduct, committed in derogation of his federally protected rights, Plaintiff has suffered in damages to be determined at trial.

As a direct and proximate result of Defendant's intentional and unlawful conduct, committed in derogation of his federally protected rights, Plaintiff has suffered and continues to suffer emotional pain and suffering, mental anguish, humiliation, loss of sleep, embarrassment, damage to his reputation, and other past and future losses.

Count Two

Religious Discrimination in Violation of Title VII and Section 1983

23.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

Defendant's actions in interfering with Plaintiff's practice of his religion, contravening and violating his previously granted religious accommodation, subjecting Plaintiff to different terms and conditions of employment, not providing Plaintiff with the job support that was provided other employees. This is in violation of Plaintiff federally protected rights as provided under Title VII and Section 1983, thus entitling Plaintiff to all appropriate relief provided under those statutes.

24.

As a direct result of Defendant's unlawful discriminatory conduct, committed in derogation of his federally protected rights, Plaintiff has suffered damages to be determined at trial.

25.

As a direct and proximate result of Defendant's intentional and unlawful conduct, committed in derogation of his federally protected rights, Plaintiff has suffered and continues to suffer emotional pain and suffering, mental anguish, humiliation, loss of sleep, embarrassment, damage to reputation, and other past and future losses.

Claims For Relief Under State Law

Count Three

Intentional Infliction of Emotional Distress

26.

Plaintiff re-alleges the preceding paragraphs as if set forth herein.

27.

Defendant's conduct was extreme and outrageous.

28.

Defendant intended to inflict severe emotional distress on Plaintiff or knew

that there was a high probability that its conduct would have this effect.

29.

Defendant's conduct actually caused severe emotional distress and humiliation to Plaintiff.

30.

Therefore, Defendant is liable for all general and special damages proximately resulting from its intentional conduct.

Count Four

Punitive Damages

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

Defendant's actions with respect to Plaintiff have shown willful misconduct, malice, fraud, wantonness, opp-ression, and complete want of care, thus entitling Plaintiff to an award of punitive damages in order to deter, punish and penalize Defendant for and from such conduct in the future.

Attorney's Fees

31.

Plaintiff is entitled to an award of attorney's fees and expenses of litigation on each and every cause of action alleged herein, because Defendant has acted in bad faith, been litigious, and caused Plaintiff unnecessary trouble and expense.

Prayer For Relief

Wherefore, Plaintiff respectfully prays for:

1) General Damages based on Defendant's conduct as alleged herein in an amount to be determined at trial;
2) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts in an amount to be determined at trial;
3) Special damages and/or liquidated damages for lost wages and benefits Prejudgement interest thereon in an amount to be determined at trial:
4) Reasonable Attorney Fees and expenses of litigation;
5) Trial by jury as to all issues.

6) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights; and

7) All other Relief to Which Plaintiff may be entitled.

   Submitted this 21st Day of August, 2016

**Certificate of Service**

I, Mahmoud Rashad certify that a copy of **Plaintiff's Amended Complaint Withdrawing Retaliation from Civil Action 1:14-cv-04108-AT-ECS will be certified mailed to the Clerk of Court, this 21st Day of August 2016. I will also deliver this same copy in Person this week.**

I will send the notification of filing via 1st class mail on August 21st 2016, to below named Attorneys of Record

Office of the Clerk

United States District Court

2211 United States Courthouse

75 Ted Turner Drive, SW

Atlanta, Georgia 30303-3318

Defendant

Dominique A. Martinez

Attorney for Defendant

Office of the Fulton County Attorney

141 Pryor St. SW, Suite 4038

Atlanta, GA  30303

Telephone: (404) 612-0241

Facsimile: (404) 730-6324

Plaintiff

Mahmoud Rashad

7190 Magnolia Lane

Fairburn, GA  30213

Thank You,

Mahmoud Rashad

*[signature]*